IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3056 |
| vs. | |
| PERRION BLUFORD, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's fifth motion to extend the sentencing schedule in this case. Filing 53. The motion asks the Court to extend the defendant's deadline to file sentencing motions, and the Court's deadline to issue tentative findings of fact. Filing 53. However, because the requested deadlines are well after the scheduled sentencing date, the motion is in effect a motion to continue sentencing as well.

The defendant's counsel was appointed to represent the defendant after he pled guilty and the Court accepted that plea. *See* filing 42; filing 43. Pursuant to the original sentencing schedule, objections by counsel to the initial presentence report were due September 18, 2023. Filing 29. But that was also the date counsel was appointed, and his appearance wasn't until September 26, so he naturally asked for an extension of that deadline. Filing 45. The Court granted the request and extended the sentencing schedule, including the deadline for sentencing motions, which was moved to November 6, and the sentencing hearing, which was moved to December 19. Filing 46.

On the date that sentencing motions were due—at 6:36 p.m.—the defendant moved for an extension. Filing 47. The Court granted that motion and extended the deadline for sentencing motions to November 13, 2023. Filing

48. The defendant missed that deadline, but on November 16 he belatedly moved for another extension. Filing 49. The Court granted that motion and extended the deadline for sentencing motions to November 20. Filing 50. On November 20, the defendant moved for another extension. Filing 51. The Court granted that extension, extending the deadline for sentencing motions to December 4, but cautioned counsel that "any further extensions, if granted, may require continuance of the sentencing hearing." Filing 52.

Counsel missed the December 4 deadline, and filed the present motion to extend on December 6. Filing 53. The basis for that motion is that counsel "needs additional time to further review and discuss evidence with Defendant" and "has also been informed by counsel for Plaintiff that Plaintiff will be providing some additional discovery, which counsel for Defendant will need to review with Defendant." Filing 53.

To be clear: The Court intends to grant an extension. The Court, in fact, regularly and uniformly provides counsel on both sides in criminal cases with the time they need to present issues and evidence at sentencing fully and fairly. But it unduly imposes on court staff to continually extend deadlines piecemeal. It unduly imposes on the Court to have to *repeatedly* find openings on a packed schedule to reschedule hearings. And it imposes on parties and counsel in other cases who have to wait for a hearing that could have been held earlier, had the time set aside for this hearing not been set aside.

The point is not to cast blame. When the defendant's counsel is still reviewing evidence days before sentencing, but the government is only then providing him with new evidence to review, then there's likely responsibility on both sides. The point is that it's poor practice to reschedule deadlines and hearings repeatedly, a few days at a time, instead of cutting to the chase and asking once for a new schedule that everyone can abide by. That's what the

Court intends to do here. Rather than writing a new sentencing schedule in pencil, the Court will set a scheduling conference and work with the parties to write one in ink.

IT IS ORDERED:

1. The sentencing hearing set for December 19, 2023, is continued pending further order of the Court.

2. A scheduling conference is set before the undersigned judge on December 19, 2023 at 10:00 a.m. in chambers by telephonic conference. Teleconferencing instructions will be sent to counsel by separate email.

Dated this 8th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge